IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELANIA FELIX DE ASENCIO, MANUEL A. GUTIERREZ, ASELA RUIZ, EUSEBIA RUIZ, LUIS A. VIGO, LUZ CORDOVA, and HECTOR PANTAJOS <br><br> on behalf of themselves and all other similarly situated individuals <br><br> Plaintiffs, <br><br> v. <br><br> TYSON FOODS, INC. <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : No. 00-CV-4294 <br> : <br> : <br> : <br> : <br> : |

DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION
*IN LIMINE* TO EXCLUDE CERTAIN OPINIONS OF LAY WITNESSES

Defendant, Tyson Foods, Inc., respectfully submits this memorandum in support of its motion *in limine* seeking an order that precludes plaintiffs from arguing or offering evidence at trial of any lay witness testimony regarding opinions about poultry related illness or disease and legal or moral opinions about compensability under the Fair Labor Standards Act ("FLSA").

I.  BACKGROUND

At trial, plaintiffs will attempt to elicit or present testimony from lay witnesses regarding the alleged potential transmission of poultry related illness or disease from the chickens to the employees at the New Holland plant. For instance, plaintiffs' deposition designations include testimony of defendant's personnel manager, Ms. Shirley Orta, who plaintiffs elicited opinions from about whether the sanitary clothing worn by line employees is to protect against the transmission of food-borne illness and disease. *See* ex. "I", joint pre-trial memo. (designating Orta deposition testimony from pages 62 through 70). As reflected by Ms. Orta's testimony,

plaintiffs' presentation of lay opinions regarding the transmission of poultry related illness or disease is premised on sheer speculation and unqualified testimony.[1]  *See* Orta dep. tr. 62:14 – 70:21.  Accordingly, defendant respectfully requests that plaintiff be excluded from presenting this type of lay opinions at trial.

Plaintiffs will also attempt to elicit or present legal or moral opinions at trial from defendant's lay witnesses about compensability under the FLSA and the *de minimis* standard.  In particular, plaintiffs have designated deposition testimony for trial which includes elicited opinions from defendant's lay witnesses regarding defendant's alleged views that clothes changing and washing was compensable "work" under the FLSA.  *See* ex. "I" to joint pre-trial memo. (designating deposition testimony of :  J. Michael Good at pages 90-91 and 96-97, Shirley Orta at pages 40-45, Richard Johnston at pages 82-83, Luz Rivera at pages 54-56, and Lee Hamilton at pages 14-15 and 21-22); *see also* plfs' summ. j. opp. at 19-32 (referencing testimony and declarations of defendant's personnel).  Plaintiffs also designated testimony from witnesses about the "right and fair" or "hypothetical" way to pay workers additional time at the end of shifts and breaks.  *See* Payne dep. tr. at 297:10 – 302:9; Johnston dep. tr. at 91-92.  Likewise, plaintiffs designated deposition testimony from defendant's witnesses that they view seven minutes or less as *de minimis* and noncompensable time.  *See See* ex. "I" to joint pre-trial memo. (designating deposition testimony of :  Lee Hamilton at pages 71-72, and Richard Oswald at pages 101-103 and 107); *see also* plfs' summ. j. opp. at 25 n. 10 (same).  Defendant seeks to exclude these legal or moral opinions at trial on these ultimate issues because they intrude on the

---

[1] While plaintiffs may have been permitted to inquire into lay opinions during depositions regarding the transmission of poultry related illness or disease from chickens to the employees, those lay opinions are not admissible at trial.  Moreover, plaintiffs do not dispute the testimony of defendant's expert witness, Ronald Prucha, who was in charge of the USDA's nationwide meat-inspection program, that such transmission does not occur.

province of the Court and because they are irrelevant to the legal issues; state of mind of the defendant is not a element of liability under the FLSA.

II.   ARGUMENT

The Federal Rules of Evidence expressly prohibit lay witnesses from offering expert testimony or testifying to opinions and inferences that are not "rationally based on the perception of the witness." Fed. R. Evid. 701. In addition, opinions of the law by lay witnesses are consistently interpreted by courts as irrelevant evidence under the Federal Rules of Evidence, and plainly intended to tell the jury what result to reach from the facts presented. Because plaintiffs' efforts to elicit prejudicial opinions from defendant's lay witnesses contravene the rules, including Federal Rules of Evidence 401, 402, 403, 701 and 702, defendant respectfully requests that the Court exclude all improper opinion testimony that plaintiffs intend to elicit at trial from both parties' lay witnesses regarding the specialized or legal topics presented herein.

    A.    The Court Should Exclude Plaintiffs' Evidence of Opinions
           by Lay Witnesses Regarding Poultry Related Illness or Disease.

Plaintiffs are attempting to offer improper lay witness testimony at trial regarding the alleged potential transmission of diseases from the chickens to the employees.[2] The scope of admissible testimony by lay witnesses is outlined in Federal Rule of Evidence 701, which provides:

> If the witness is not testifying as an expert, his testimony in the forms of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

---

[2] As asserted in their summary judgment opposition, plaintiffs will also likely ask the Court to take judicial notice that chickens carry harmful bacteria to support their argument that the sanitary clothing items worn by plaintiffs prevent the spread of disease from the chickens to the plaintiffs. This subject is inappropriate for judicial notice considering the *unrebutted* report of Dr. Prucha that clothing items are *not* worn for this purpose, and that there is little risk of such disease transmission. *See Application of Cofer*, 354 F.2d 664, 668 (C.C.P.A. 1966) (refusing to take judicial notice of a textbook describing a "highly technical and empirical area of chemistry …").

Fed. R. Evid. 701. As a threshold matter, the lay testimony to be offered by plaintiffs from Ms. Orta and likely others is inadmissible under Rule 701 because it depends on scientific or technical knowledge that is within the province of Rule 702. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 460 (5th Cir. 1996) ("a person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by an ordinary person."). Accordingly, plaintiffs' attempt to offer the testimony of Ms. Orta and any other lay witnesses is improper under Rule 701 due to their lack of foundation to testify about microbiological issues. *See, e.g.*, *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1193 (3d Cir. 1995) (granting a new trial because the district court improperly admitted lay-opinion testimony without evidence that the witness possessed sufficient knowledge or experience in the technical field).

The testimony of Ms. Orta is also inadmissible under Rule 701 because the proposed testimony is unreliable as it is based on conjecture and is not rationally based on her observations. The "rationally based" requirement demands that the witness have perceived something firsthand and that the firsthand perception provide a truly rational basis for the witness's opinion. *See Asplundh Mfg. Div.*, 57 F.3d at 1195 n.2; *see also Wood v. Developers Diversified Realty Corp.*, No. Civ. A. 04-CV-5563, 2006 WL 456303, *2 (E.D. Pa. Feb. 23, 2006) (finding a lay witness's opinion was not "rationally based" under Rule 701 because the foundation for the opinion was based on unrelated information). Plaintiffs' only attempt to establish a basis for Ms. Orta's opinion as to the transmission of illness or disease from the chickens to the employees is to show that she attended some safety meetings, but there was never a discussion about food-borne illness or disease during those meetings. *See* Orta dep. tr. at 66:7–

15. Accordingly, Ms. Orta's opinions are not "rationally based" as required by Rule 701 and, therefore, should be excluded.

Moreover, the testimony of Ms. Orta about the poultry related illness or disease not only lacks foundation but it is irrelevant. FED. R. EVID. 401. Courts exclude a lay witness's testimony as irrelevant where the testimony is based upon mere "suppositions, beliefs or guesses." *See Henderson v. Nationwide Fire Mut. Ins. Co.*, No. Civ. A. 92-CV-0146, 1993 WL 46679, *1 (E.D. Pa. Feb. 23, 1993). Here, the elicited "suppositions, beliefs, or guesses" of Ms. Orta about the ways to alleviate concerns over the spread of illness or disease does not have a tendency to prove that poultry related illness or disease can be transmitted from the chickens to the employees. *See* Orta dep. tr. at 69:4 – 70:5. Even if Ms. Orta's testimony has some marginal admissible relevance, however, its probative value is far outweighed by the unfair prejudice to defendant that could result from her testimony confusing or misleading the jury. FED. R. EVID. 403. The only reason plaintiffs could desire to put this evidence before the jury is to unfairly prejudice them regarding the alleged working conditions in the plant. Accordingly, to the extent Ms. Orta's opinion testimony is admissible, it should be excluded under Federal Rule of Evidence 403.

### B. The Court Should Exclude Plaintiffs' Evidence of Legal or Moral Opinions by Lay Witnesses Regarding Compensability Under the FLSA.

Plaintiffs will offer testimony of lay witnesses at trial to support their argument that some managers allegedly view clothes changing and washing as compensable "work." Plaintiffs will also offer testimony of lay witnesses at trial to claim that defendant considers seven minutes to be the *de minimis* standard. As referenced above, Federal Rule of Evidence 701 sets forth the boundaries of permissible lay testimony, namely testimony based upon the perception of the witness that aids the jury in the determination of a fact in issue. FED. R. EVID. 701.

Courts have consistently held that testimony reflecting a legal or moral opinion are irrelevant and, thus, not admissible or competent evidence.  *See, e.g., McNulty v. Citadel Broadcasting Co.,* No. 01-3902, 01-4046, 2003 WL 500171, 58 Fed. Apps. 556, 564 (3rd Cir. Feb. 26, 2003) ("Lay witnesses are not needed . . . especially when the opinion goes to the ultimate issue and witnesses' testimony distracts jurors 'from their task of drawing an independent conclusion.'" (citations omitted)); *Featherstone v. United Parcel Servs., Inc.*, No. 94-2331, 1995 WL 318596, at *6 (4th Cir. May 23, 1995) ("a lay witness's legal opinions are simply irrelevant."); *Federated Life Ins. Co. v. Walker*, Civ. A. No. 96-3387, 1997 WL 33264, at *6 n.3 (E.D. Pa. Jan. 21, 1997) (ignoring the legal conclusions found in party's internal memoranda because "the opinions of these individuals (all non-lawyers) are irrelevant to the court's determination of the legal significance of [a contract clause]."); *Bensen v. Am. Ultramar Ltd.*, No. 92 CIV. 4420, 1996 WL 422262, at *13 (S.D.N.Y. July 29, 1996) (excluding documents containing legal opinions because "the proffered legal opinions will invade the province of the court to determine the applicable law and to instruct the jury as to that law"); *Agritronics Corp. v. Nat'l Dairy Herd Assoc., Inc.*, 914 F. Supp. 814, 824-25 (N.D.N.Y. 1996) (considering the case law's definition of "marketing" rather than the "opinions of lay witnesses for what essentially are legal conclusions."); *Siegel v. Truett-McConnell College, Inc.*, 13 F. Supp. 2d 1335, 1343 (N.D. Ga. 1994) (the witnesses deposed by plaintiff "are not lawyers and are not competent to give opinions on [the legal issue in question]."), *aff'd*, 73 F.3d 1108, 77 Fair Empl. Prac. Cas. (BNA) 1376 (11th Cir. 1995); *Parkway Baking Co. v. Freihofer Baking Co.*, 154 F. Supp. 823, 826 (E.D. Pa. 1957) (opinions of lay witnesses as to the legal effect of a license agreement are "worthless."), *aff'd*, 255 F.2d 641 (3d Cir. 1958); *see also United States v. Van Eyl*, No. 02 CR 287, 2004 WL 1557331, at 3 (N.D. Ill. July 8, 2004) (granting a new trial

where evidence of excluded moral opinions was introduced during trial despite a court ruling excluding both legal and moral opinions). "The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous legal standards to the jury." *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985).

The testimony to be offered or presented by plaintiffs in this case about "work" under the FLSA or the *de minimis* standard illustrates why legal opinions from lay witnesses are inadmissible under Rule 701. Indeed, plaintiffs solicited opinion testimony far beyond the pale of what is rationally based on the perception of defendant's lay witnesses. For instance, defendant's manager of Plant One, Leonard Payne, was questioned about the "right and fair" way to pay additional time at the end of shifts and breaks. Payne dep. tr. at 297:10 – 302:9. Plaintiffs also designate deposition testimony that purportedly shows the defendant's witnesses consider donning and doffing and washing to be "work" under the FLSA.[3] *See* ex. "I" to joint pre-trial memo. (designating deposition testimony of : J. Michael Good at pages 90-91 and 96-97, Shirley Orta at pages 40-45, Richard Johnston at pages 82-83, Luz Rivera at pages 54-56, and Lee Hamilton at pages 14-15 and 21-22); *see also* plfs' summ. j. opp. at 19-32 (referencing testimony and declarations of defendant's personnel). Finally, even though there is not a defined period of time under the law, plaintiffs seek to bind defendant to the opinions of two witnesses who testified that they consider the *de minimis* rule to be approximately seven minutes. *See*

---

[3] Not only is plaintiffs' presentation of this testimony legally irrelevant as a matter of law, plaintiffs have also misrepresented defendant's testimony by ignoring unequivocal statements by many of the same witnesses cited by plaintiffs that such activities are *not* work. *See* Good dep. tr. at 359:8-20 (washing one's hands is not work); Hamilton dep. tr. at 38:15-40:17, 52:7-54:12, 67:24-69:19, 141:10-24 (changing clothes and obtaining supplies are not considered work); Johnston dep. tr. at 7:18-8:1, 84:21-24 (changing clothes and washing should not be compensable); McCoy dep. tr. 26:6-28:10 (donning and doffing the non-burdensome clothing found in the chicken-processing industry is not compensable); Orta dep. tr. at 49:14-24, 223:4-224:23 (clothes changing and washing is not work and does not take physical or mental exertion); Oswald dep. tr. at 111:15-23 (donning clothing is not work); Serrano dep. tr. at 239:21-240:24, 249:6-250:21 (clothes changing, washing, and waiting in line are not work, and plants are not obligated to pay for these activities); Shultz dep. tr. at 146:10-152:19, 167:11-168:17 (clothes changing is not work because it does not take any effort, it can be completed while walking, and it does not further defendant's business).

def.'s summ. j. mem. at 34-35 (citing cases where courts have found that activities taking approximately ten minutes or less per day were excludable as *de minimis* as a matter of law.) These opinions are not firsthand perceptions of the witnesses that aid the jury but, instead, are legal or moral conclusions that merely tell the jury what result to reach.

Plaintiffs are likely to argue that this testimony has significant probative value as party admissions by defendant. *See* plfs' surreply to summ. j. opp. at 2 n.1. Indeed, plaintiffs have marked as trial exhibits various training materials on how to interpret the FLSA and other documents that include some lay interpretations of the FLSA.[4] However, "that the legal opinions may constitute party admissions does not change this analysis" under Rule 701. *See Bensen*, 1996 WL 422262, at *13. Nevertheless, even if these opinions were admissible under Rule 701, the Court must exclude the testimony because it would unfairly prejudice defendant by confusing the legal issues and misleading the jury. FED. R. EVID. 403.

III. CONCLUSION

For the above-stated reasons, the Court is respectfully requested to preclude plaintiffs from offering argument and evidence at trial of lay witness opinions or testimony regarding poultry related illness or diseases and compensability under the Fair Labor Standards Act.

---

[4] Plaintiffs' trail exhibits that should be excluded include exhibits 8, 9, 44, 45, 67, and 83, portions of exhibits 68, 69, 70 and 81, and any similar documents that plaintiffs may offer.

Respectfully submitted,

*/s/ James L. Griffith*

| | |
|---|---|
| Of Counsel: | James L. Griffith |
| AKIN GUMP STRAUSS | Attorney I.D. No. 74126 |
| HAUER & FELD LLP | One Commerce Square |
| | 2005 Market Street, Suite 2200 |
| | Philadelphia, PA 19103 |
| | Telephone:  (215) 965-1200 |
| | Facsimile:  (215) 965-1210 |

*/s/ Michael J. Mueller*

Michael J. Mueller
Joel M. Cohn
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288

| | |
|---|---|
| June 1, 2006 | Attorneys for defendant, TYSON FOODS, INC. |