IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MELANIA FELIX DE ASENCIO, ET AL.** : | No. 00-CV-4294 |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | |
| : | |
| **TYSON FOODS, INC.** : | |
| : | |
| **Defendant.** : | |
| : | |

## ORDER

NOW, this ___ day of _____, 2006, upon consideration of Plaintiffs' Motion *In Limine* to Preclude Defendant's Use Of Demonstrative Exhibits and Defendant's Videotape During Opening Statements, and any responses thereto, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiffs' Motion is Granted.

BY THE COURT:

_____
Robert F. Kelly
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELANIA FELIX DE ASENCIO, ET AL. : | No. 00-CV-4294 |
| **Plaintiffs,** : | |
| v. : | |
| TYSON FOODS, INC. : | |
| **Defendant.** : | |

**PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE
DEFENDANT'S USE OF RECENTLY PRODUCED
DEMONSTRATIVE EXHIBITS AS WELL AS
A RECENTLY PRODUCED EVIDENTIARY VIDEOTAPE
<u>DURING OPENING STATEMENTS</u>**

Plaintiffs hereby move to preclude Defendant from using its purported demonstrative exhibits and a recently produced evidentiary videotape during opening statements. Less than one week before trial, Tyson informed Plaintiffs' counsel that Tyson had demonstrative trial exhibits, but refused to produce them. Tyson did not provide these exhibits to Plaintiffs' counsel until the June 2, 2006 final pretrial conference. The videotape was not produced to Plaintiffs' counsel until 10:30 p.m. on June 2, 2006.

Plaintiffs make this Motion to preserve their right to object to the use of a number of the purported demonstrative exhibits as well as to the admissibility of the videotape before they are published to the jury. Plaintiffs believe that the Court will ultimately sustain objections to some of these exhibits and the videotape as being irrelevant, unduly

1

prejudicial, or based upon documents that will not be introduced into evidence. The basis for many of the exhibits appear to be documents that Plaintiffs believe the Court may ultimately exclude as untimely produced.

The Court can prevent any undue prejudice from the use of these exhibits or videotape by prohibiting Tyson from using the exhibits and videotape during its opening. This Court should not allow Tyson to benefit from purposefully delayed production of evidence and demonstrative exhibits. For that reason alone, the Court should instruct Tyson not to refer to the exhibits until the Court has ruled on the admissibility of the underlying documents.

By way of example only, the proposed demonstrative exhibits include a PowerPoint presentation titled, "The Majority of Workers at the New Holland Plant Are Americans". *See* Exhibit "A", attached hereto. This proposed exhibit is a flagrant attempt to take advantage of the negative publicity surrounding the legal and illegal immigration of Spanish speaking people into the United States. Tyson also has a summary exhibit, attached hereto as exhibit "B", that appears to be based upon 10,000 documents that Tyson untimely produced for the first time in May of this year despite the fact that the documents had been properly requested in discovery for over five years. Many of the documents contain handwritten notations as to line time entries on which Tyson's summary exhibit appears to rely. Tyson initially chose to produce these documents well outside the bounds of discovery and thereby prevent Plaintiffs from taking discovery on, among other things, the handwritten notations, that appear to be the basis for the exhibit itself.

On June 2, 2006, Tyson argued that it had no earlier obligation or opportunity to produce these documents until June 2, 2006 because these proceedings were stayed during the third circuit appeal and the stay extended by this Court related to *IBP, Inc. v. Alvarez*, 126 S. Ct. 514 (2005). This belated 10,000 page document dump could have been produced in the 18 month gap between September 30, 2003 third circuit opinion and the March 30, 2005 stay extended by this Court pending the Supreme Court's decision in *Alvarez*.

Tyson has acted in violation of its duty to update discovery by timely producing documents responsive to discovery requests. Now having effectively shielded itself against discovery related to these documents, Tyson seeks to use the documents as a sword by highlighting their significance in a demonstrative exhibit.

While drafting this motion at 8:30 pm on June 4, 2006, the night before the opening statements are to be given, Tyson has just informed Plaintiffs counsel by e-mail that one of Tyson's proposed summary demonstrative exhibits, attached hereto as exhibit "C", does in fact contain inaccurate information. This is precisely the type of prejudice plaintiffs seek to avoid by having the Court direct the parties not to refer to any evidence or exhibits in openings unless they have been stipulated to as admissible.

Likewise, on Friday night, June 2, 2006, after 10:30 pm, Tyson for the first time produced a videotape that includes footage of, among other things, workers actively engaged in chicken processing activities at the New Holland facility. This evidence should have been produced previously because it is responsive to Plaintiffs' previous discovery requests. It is also prejudicial in many respects because it includes selective footage that will mislead the jury with regard to the actual working conditions at Tyson's

New Holland facility. Tyson intentionally chose to produce the videotape after the close of discovery and also should not be allowed to benefit from a conscious decision to ignore its discovery obligations.

Until Tyson establishes the proposed exhibits are based upon admissible evidence, Tyson should be precluded from using or referring to the exhibits and the videotape.

By the instant Motion, Plaintiffs respectfully request that this Court enter the attached proposed Order and preclude defendant from using any of its purported demonstrative exhibits or its videotape during opening statements.

                                      Respectfully submitted,

                                      THOMAS J. ELLIOTT
                                      FREDERICK P. SANTARELLI
                                      Elliott Greenleaf & Siedzikowski, P.C.
                                      Union Meeting Corporate Center V
                                      925 Harvest Drive, Suite 300
                                      P.O. Box 3010
                                      Blue Bell, PA 19422
                                      (215) 977-1000

                                      Brian P. Kenney
                                      Eric L. Young
                                      Kenney, Lennon & Egan
                                      3031C Walton Road
                                      Suite 202
                                      Plymouth Meeting, PA 19462
                                      Telephone No. (610) 940-9099
                                      Fax No. (610) 940-0284
                                      Cell No. 215-287-6975
                                              - and -
                                      ROBERT J. O'SHEA
                                      1818 Market Street
                                      Suite 3520
                                      Philadelphia, PA 19103-3629
                                      (215) 636-0990
Dated: June 4, 2006                      Counsel for Plaintiffs

# The Majority of Workers at the New Holland Plant are Americans




American
65.2%

Legal immigrant workers
34.8%

EXHIBIT "B"

# SUMMARY OF DOWN TIME LINE DOCUMENTS SHOWING A 35-MINUTE BREAK IN FURTHER PROCESSING

| NUMBER OF DOCUMENTS SHOWING LENGTH OF BREAKS | NUMBER OF DOCUMENTS SHOWING A 35-MINUTE BREAK PERIOD | PERCENTAGE OF DOCUMENTS SHOWING 35-MINUTE BREAKS |
|---|---|---|
| 6,452 | 5,298 | 82% |

EXHIBIT "C"

approx. 3' x 4' board    Magnet layer 3    6773-001B-v5 .ai  05/31/06

# Less Than 10% of Employees Eligible for This Class Joined the Suit

## Total workers eligible for the class: 5,844

SIGN-OFF  ARTIST:  PROOFING:  GC:

approx. 3' x 4' board        Magnet layer 2        6773-001B-v5 .ai  05/31/06

# Less Than 10% of Employees Eligible for This Class Joined the Suit

Workers who joined the lawsuit:
**540**

SIGN-OFF | ARTIST: | PROOFING: | GC:

approx. 3' x 4' board　　　　　　　　　　Magnet layer 1　　　　　　　　　　6773-001B-v5 .ai   05/31/06

# Less Than 10% of Employees Eligible for This Class Joined the Suit

**Workers who did not receive extra 15 minutes pay: 95**

SIGN-OFF | ARTIST: | PROOFING: | GC:

approx. 3' x 4' board  BASE  6773-001B-v5 .ai  05/31/06

# Less Than 10% of Employees Eligible for This Class Joined the Suit

**11** Class member witnesses in this lawsuit

SIGN-OFF | ARTIST: | PROOFING: | GC: